UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAMON WILLIAM JEWELL,<br><br>Defendants. | Case No. 1:18-cr-00249-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Damon Jewell sent a letter to the Court requesting credit for four months of time served in the Ada County Jail while on a federal detainer prior to his arraignment on federal charges. Dkt. 39. The Court construes Mr. Jewell's letter as a motion for credit for time served. For the reasons that follow the Court will deny the motion.

Mr. Jewell pled guilty to distributing methamphetamine and was sentenced to 100 months incarceration. Dkt. 34. Jewell is currently incarcerated at FCI Herlong in Herlong, California. https://www.bop.gov/inmateloc/ (last accessed January 6, 2021).

Preliminarily, the Court must consider whether it has authority to grant credit for time served. "A defendant shall be given credit toward the service of a

term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b). However, "§ 3585(b) does not authorize a district court to compute the credit at sentencing." *United States v. Wilson*, 112 S. Ct. 1351, 1354 (1992); *accord United States v. Checchini*, 967 F.2d 348, 350 (9th Cir. 1992) (sentencing court lacked jurisdiction to grant defendant the requested credit). "Rather, the Attorney General, through the Bureau of Prisons, is charged in the first instance with determining the amount of the defendant's credit for time served." *United States v. Demers*, 992 F.2d 1220 (9th Cir. 1993). Thus, a defendant must "exhaust his administrative remedies before he can petition for judicial review of the Attorney General's denial (if any) of credit for time served." *Checchini*, 967 F.2d at 350. Jewell does not mention whether he has attempted to exhausts his remedies with BOP.

More significantly, this action is filed in the wrong district.[1] Where a prisoner argues he is entitled to credit against his sentence for time spent in custody prior to sentencing, he is challenging the execution of his sentence rather

---

[1] In his letter, Jewell explains that, while in federal custody, he has not had a disciplinary incident, lowered his recidivism risk, and completed significant programming. While the Court does not have jurisdiction to entertain his motion, the Court commends Mr. Jewell for his accomplishments and encourages him to continue bettering himself.

**MEMORANDUM DECISION AND ORDER - 2**

than the sentence itself. *U.S. v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). In such circumstances, the prisoner must petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Id*. The Supreme Court has held that a writ under § 2241 must issue from the court with jurisdiction over the prisoner's custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973); *see also Brown v. U.S.*, 610 F.2d 672, 677 (9th Cir. 1980).

Jewell does not identify a legal basis for his motion. However, he asks the Court to credit the time he served while on a federal detainer prior to arraignment. As the Ninth Circuit found in *Giddings*, this issue concerns the execution of a defendant's sentence. 740 F.2d at 772. As such, it is properly raised under § 2241. *Id*. A petition under § 2241 must be filed in the district court in the district where defendant is confined, which is in California, not Idaho.

## ORDER

**IT IS ORDERED** that Damon Jewell's Motion for Credit for Time Served (Dkt. 39) is **DENIED**.

DATED: January 30, 2021

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**